**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     THOMAS W. OLICK, | : | |
| | : | |
|         Debtor. | : | Bky. No. 07-10880 ELF |
| | : | |
| THOMAS W. OLICK, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | Adv. No. 10-038 |
| WILLIAM C. HOUSE, | : | |
| | : | |
|         Defendant. | : | |
| | : | |

# M E M O R A N D U M

## I.

For over ten (10) years, Thomas W. Olick ("Olick") has asserted claims in this court against his former attorney, William C. House ("House"), based on House's representation of Olick in a prior bankruptcy case and related legal matters. Because the parties are familiar with the circumstances surrounding this litigation, it is unnecessary to detail the lengthy procedural history leading up to the present dispute. Suffice it to say that the dispute between Olick and House was aired previously in a contested matter in Olick's prior chapter 13 bankruptcy and in an adversary proceeding filed during the pendency of that prior bankruptcy case.

The present adversary proceeding is related to Olick's present chapter 13 bankruptcy case, filed in 2007. Olick commenced the adversary proceeding on February 4, 2010 by filing a

1

complaint ("the Complaint") asserting four (4) causes of action against House:

    Count I – Breach of Contract;

    Count II – Fraud;

    Count III – Negligence and Malpractice; and,

    Count IV – Breach of Fiduciary Duty.

Presently before the court is House's Motion to Dismiss the Complaint With Prejudice ("the Motion"). The Motion offers several grounds for dismissal of all four claims: res judicata, statute of limitations, and failure to a state claim upon which relief may be granted.

For the reasons stated more fully below, the Motion will be granted and an order will be entered dismissing the Complaint with prejudice based on the doctrine of res judicata.[1]

---

[1] This court has subject matter jurisdiction under 28 U.S.C. §1334(b). The adversary proceeding is related to Olick's chapter 13 bankruptcy case because his confirmed chapter 13 plan provides that the funding for the plan may be derived from the proceeds of this litigation.

In Paragraph 6 of his Complaint, Olick alleges that this is a core proceeding under 28 U.S.C §157(b)(2). See generally Fed. R. Bankr. P. 7008(a) (requiring pleadings to state whether the proceeding is core or non-core and if non-core, whether the party consents to the entry of a final judgment by the bankruptcy court). It is unnecessary for me to determine whether Olick's characterization of this proceeding as "core" is legally correct. His allegation that this proceeding is "core" constitutes his consent to the court's entry of a final order or judgment.. See In re American Medical Imaging Corp., 133 B.R. 45, 50 (Bankr. E.D. Pa. 1991); see also In re C.W. Min. Co., 2009 WL 4906702, at *3 (D. Utah Dec. 11, 2009).

## II.

### A. Legal Standard under Fed. R. Civ. P. 12(b)(6)

House moves to dismiss the adversary proceeding based on Fed. R. Civ. P. 12(b)(6).[2] The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the factual allegations of a complaint, see Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and to determine whether a plaintiff is "entitled to offer evidence to support the claims." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In deciding a motion to dismiss a complaint, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Taliaferro v. Darby Township Zoning Board, 458 F.3d 181, 188 (3d Cir. 2006). However, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).

Dismissal is appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Iqbal, 129 S. Ct. at 1950 (the standard under Rule 12(b)(6), whether complaint states a "plausible claim for relief," involves a determination that is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

---

[2] Fed. R. Civ. P. 12(b)(6) applies to adversary proceedings by application of Fed. R. Bankr. P. 7012.

In assessing a Rule 12(b)(6) motion, the court is able to "consider the allegations in the complaint, exhibits attached to the complaint and matters of public record . . . [as well as,] 'undisputedly authentic documents' where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss." Unite Nat'l Ret. Fund v. Rosal Sportswear, Inc., 2007 WL 2713051, at *4 (M.D. Pa. Sept. 14, 2007) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

### B.  All of Olick's Claims Are Barred by the Doctrine of *Res Judicata*

#### 1. Introduction

To resolve the Motion, I need to consider only House's principle argument: that under the doctrine of res judicata, all four claims must be dismissed.

The doctrine of res judicata "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 (1979)). Res judicata is also designed "to avoid piecemeal litigation from the same events." Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999).

For res judicata to apply, based on prior litigation in federal court, three circumstances must be present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Post, 501 F.3d at 169 (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991)). Further, "[a]pplication of the principles of claim preclusion is not altered by the fact that the judgment

may have been wrong or rested on a legal principle subsequently overruled in another case." Infomast Mfg., Inc. v. Bardsley, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); accord Lewis v. Smith, 361 F. App'x 421, 424 (3d Cir. 2010) (nonprecedential); see also In re Eastern Steel Corp., 175 B.R. 539, 541 (Bankr. D.N.J. 1994) ("[i]t is axiomatic . . . that a change in the governing law after a final order has been entered and the time to appeal has expired is not a basis for vacating such an order") (citing Moitie, 452 U.S. at 398).

Although res judicata constitutes an affirmative defense, it may be raised on a motion to dismiss for failure to state a claim if the defect appears on the face of the pleading. In re Faust, 353 B.R. 94, 101 (Bankr. E.D. Pa. 2006) (citing Brody v. Hankin, 299 F. Supp. 2d 454, 458 (E.D. Pa. 2004), rev'd on other grounds, 145 F. App'x 768 (3d Cir. 2005)).

For two independent reasons, all of Olick's claims are barred by res judicata.

### 2. The Claims Are Barred by the Final Order Awarding House Counsel Fees in Olick's 1996 Bankruptcy Case

On July 11, 1996, Olick filed a chapter 13 bankruptcy petition in this court, docketed at Bky. No. 96-22123 ("the 1996 Bankruptcy Case").[3] On January 16, 2003, this court entered an order determining that House was entitled to compensation and reimbursement for the period from March 25, 1998 through December 7, 1998 ("the January 16, 2003 Order"). (See Bky. No.

---

[3] The petition was filed jointly with his spouse, Kathryn A. Olick. The case was assigned to Judge Thomas A. Twardowski. On February 21, 2006, shortly after Judge Twardowski's retirement, and after Judge Fehling recused himself, the case was reassigned to me. Case administration in the 1996 Bankruptcy Case was not completed until late 2009, and the case was closed on February 1, 2010.

96-22123, Doc. # 523; Motion, Tab N).  In the January 16, 2003 Order, the court "found as a fact" and "concluded as a matter of law . . . that these fees and expenses were reasonable."  (Id.).  The January 16, 2003 Order was entered over Olick's objection.  (See Bky. No. 96-22123, Doc. # 304).

Olick failed to file a timely appeal from the January 16, 2003 Order.  His request for reconsideration of the Order was denied by the bankruptcy court.  (See Bky. No. 96-22123, Doc. #'s 334, 410; see also Motion, Tab O).  Olick appealed the order denying his motion for reconsideration.  Both the district court (on February 9, 2005) and the Court of Appeals (on June 4, 2008) affirmed the bankruptcy court's order denying Olick's request for reconsideration.  (See Bky. No. 96-22123, Doc. #'s 633, 723; see also Motion, Tabs P & Q).[4]

The dispositive principle in this matter is quite simple: the entry of a final order allowing compensation to an attorney under 11 U.S.C. §330 bars further litigation regarding the propriety of the legal fees under the doctrine of res judicata.  E.g., In re Earned Capital Corp., 331 B.R. 208, 226-27 (Bankr. W.D. Pa. 2005) (collecting cases), aff'd, 346 B.R. 123, 125 (W.D. Pa. 2006), aff'd sub nom. In re Seven Fields Dev. Corp., 505 F.3d 237 (3d Cir. 2007); see also Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490-91 (D.C. Cir. 2009); In re Iannochino, 242 F.3d 36, 43-45 (1st Cir. 2001); In re Interlogic Trace, Inc., 200 F.3d 382, 390 (5th Cir. 2000).

---

[4] The Third Circuit's June 4, 2008 Memorandum stated that "[w]e agree with the Bankruptcy and District Courts that Olick has identified no ground for relief from the Bankruptcy Court's January 16, 2003 order that is cognizable under either Rule 59 or Rule 60(b)."  (Bky. No. 96-22123, Doc. # 723; Motion, Tab Q at 7).

### 3. The Claims Are Barred by the Judgment Entered in *House I*

I also conclude that the dismissal of Olick's complaint in an earlier filed adversary proceeding in this court is an independent ground for the dismissal of the Complaint based on res judicata.

**a.**

Olick previously asserted the same factual allegations and some of the same claims in his amended complaint in a prior action, Olick v. House, Adv. No. 99-2058 (Bankr. E.D. Pa.) ("House I"). House I was an adversary proceeding that was related to the 1996 Bankruptcy Case. The amended complaint in House I asserted claims for, inter alia, breach of contract and "negligence and malpractice." The claim arose out of House's representation of Olick in the 1996 Bankruptcy Case and certain NASD arbitrations. (Adv. No. 99-2058, Amended Complaint ¶¶197-221; see also Motion, Tab C). In House I, the court entered an order on March 30, 2000, denying Olick's motion for leave to file a second amended complaint and granting House's motion to dismiss the amended complaint with prejudice. (Adv. No. 99-2058, Doc. # 68). Olick did not appeal the dismissal order in House I.

In Counts I and III, of the Complaint in the present adversary proceeding, Olick again asserts claims for breach of contract and "negligence and malpractice." The underlying factual allegations for the claims again relate back to House's legal representation of Olick in the 1996 Bankruptcy Case and in certain arbitrations before the National Association of Securities Dealers ("NASD"). (See Adv. No. 10-038, Compl. ¶¶3-5, 182-201, 224-46).

Based on this court's final order dismissing House I with prejudice, the required elements of res judicata apply to Counts I and III of the present adversary Complaint. The parties in House

I are the same as those in the present adversary proceeding. The court in House I rendered final judgment on the merits. See, e.g., Moitie, 452 U.S. at 399 n.3 (holding that dismissal for failure to state a claim under Rule 12(b)(6) is a final judgment on the merits for res judicata purposes); Lewis, 361 F. App'x at 423-24 (nonprecedential) (same). The claims asserted in the present adversary complaint and House I are the same.

**b.**

The Complaint in the present adversary proceeding also includes two claims that were not raised in House I: Count II, for fraud (Compl. ¶¶202-223) and Count IV, for breach of fiduciary duty" (Compl. ¶¶247-56). However, those two claims are based on the same conduct and material facts as the claims that Olick raised in House I.

The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought in that action arising from the same transaction or occurrence. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citing Post, 501 F.3d at 169). Res judicata "prevents a party from prevailing on issues he might have but did not assert in [a prior] action." Lubrizol Corp., 929 F.2d at 964 (quoting Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988)). Simply put, the doctrine bars a party from splitting his or her claims and litigating them piecemeal.

Here, there is no reason why Olick could not have asserted the claims for "fraud" and "breach of fiduciary duty" in House I. Therefore, those claims are barred by the doctrine of res judicata.

8

## IV.

After more than ten (10) years and multiple adverse court decisions, Olick's claims against House should be put to rest. Enough is enough.

For the reasons stated above, the adversary complaint will be dismissed with prejudice in its entirety.

Date: June 28, 2011

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE